**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Daria Thomas, *on behalf of herself and others*
*similarly situated in the proposed FLSA*
*Collective Action,*

Case No.:

                                    *Plaintiff,*

                                                            **Jury Trial Demanded**

            - against -
                                                            <u>**COMPLAINT**</u>

Arts in Common LLC, Harlem Jazz Enterprises
LLC, Richard Parsons and Rafael Baccus,

                                    *Defendants.*
-------------------------------------------------------------X

  Plaintiff Daria Thomas ("Plaintiff" or "Thomas"), on behalf of herself and others similarly

situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal

knowledge as to herself and upon information and belief as to others, brings this complaint against

Defendant Arts in Common LLC, Harlem Jazz Enterprises LLC (together, the "Corporate

Defendants"), Richard Parsons and Rafael Baccus (together, the "Individual Defendants", and

collectively with the Corporate Defendants, the "Defendants") and states as follows:

<b>NATURE OF THE ACTION</b>

  1. Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

  2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum

wages, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment

interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft

Prevention Act ("WTPA").

1

**JURISDICTION AND VENUE**

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.     This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

**PLAINTIFF DARIA THOMAS**

6.     Plaintiff Thomas is a resident of New York, New York.

7.     Plaintiff Thomas was employed as a server at Defendants' restaurant located at 210 West 118th Street, New York, NY 10026 ("The Cecil Steakhouse") from on or around June 1, 2021 through and including July 24, 2021.

8.     Plaintiff Thomas was employed as a non-managerial employee at The Cecil Steakhouse from on or around June 1, 2021 through and including July 24, 2021.

9.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT ARTS IN COMMON LLC**

10.     Upon information and belief, Defendant Arts in Common LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 West 118th Street, New

York, NY 10026.

11.     Defendant Arts in Common LLC owns, operates and/or controls a restaurant known as "The Cecil Steakhouse" located at 210 West 118th Street, New York, NY 10026.

12.     At all times relevant to this Complaint, Defendant Arts in Common LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13.     At all times relevant to this Complaint, Defendant Arts in Common LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14.     At all times relevant to this Complaint, Defendant Arts in Common LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15.     Defendant Arts in Common LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16.     Defendant Arts in Common LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT HARLEM JAZZ ENTERPRISES LLC**

17.     Upon information and belief, Defendant Harlem Jazz Enterprises LLC is a

domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 West 118th Street, New York, NY 10026.

18.     Defendant Harlem Jazz Enterprises LLC owns, operates and/or controls a restaurant known as "The Cecil Steakhouse" located at 210 West 118th Street, New York, NY 10026.

19.     At all times relevant to this Complaint, Defendant Harlem Jazz Enterprises LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

20.     At all times relevant to this Complaint, Defendant Harlem Jazz Enterprises LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

21.     At all times relevant to this Complaint, Defendant Harlem Jazz Enterprises LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

22.     Defendant Harlem Jazz Enterprises LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

23.     Defendant Harlem Jazz Enterprises LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any

compensation in exchange for Plaintiff's services.

**DEFENDANT RICHARD PARSONS**

24.     Defendant Richard Parsons is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     Defendant Richard Parsons is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

26.     Defendant Richard Parsons possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

27.     Defendant Richard Parsons determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28.     At all times relevant to this Complaint, Defendant Richard Parsons was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT RAFAEL BACCUS**

29.     Defendant Rafael Baccus is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30.     Defendant Rafael Baccus is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

31.     Defendant Rafael Baccus possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

32.     Defendant Rafael Baccus determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and

had the authority to hire and fire employees.

33.    At all times relevant to this Complaint, Defendant Rafael Baccus was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

34.    Defendants own, operate and/or control a restaurant known as "The Cecil Steakhouse" located at 210 West 118th Street, New York, NY 10026.

35.    The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

36.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.    Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

38.    Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39.    In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

40.    Upon information and belief, the Individual Defendants operate the Corporate

Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

    a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

    b.    defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c.    transferring assets and debts freely as between all Defendants;

    d.    operating the Corporate Defendants for their own benefit as the majority shareholders;

    e.    operating the Corporate Defendants for their own benefit and maintaining control over them as a closed corporation or closely controlled entity;

    f.    intermingling assets and debts of their own with the Corporate Defendants;

    g.    diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

    h.    other actions evincing a failure to adhere to the corporate form.

41.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

42.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

43.    Plaintiff and other similarly situated individuals are individuals who have worked

for Defendants in similarly-titled, hourly paid position, during the statutory period.

44.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

45.     Plaintiff was an employee of Defendants.

46.     Plaintiff worked as a server at the restaurant known as "The Cecil Steakhouse" located at 210 West 118th Street, New York, NY 10026.

47.     At The Cecil Steakhouse, Plaintiff regularly worked in excess of 40 hours per week.

48.     From approximately June 1, 2021 through and including July 12, 2021, Plaintiff worked four (4) to five (5) days per week, approximately eight (8) hours each day, for a total period of approximately thirty-two (32) to forty (40) hours during each of the weeks, respectively.

49.     From approximately July 12, 2021 through and including July 24, 2021, Plaintiff worked two (2) to three (3) days per week, approximately eight (8) hours each day, for a total period of approximately sixteen (16) to twenty-four (24) hours during each of the weeks, respectively.

50.     From approximately June 1, 2021 through and including July 24, 2021, Defendants paid Plaintiff $10 per hour.

51.     However, Defendants failed to pay Plaintiff for the week of July 19, 2021.

52.     In addition, Defendants also required Plaintiff to attend mandatory training shifts, for which she was not compensated.

53.     At all times relevant herein, Defendants had a policy and practice commonly known as "time shaving". Specifically, Defendants would automatically deduct meal breaks from Plaintiff's, and all similarly situated individuals', schedules, regardless of whether some or all of

the time was used for a meal break.

54.    Plaintiff is not the only victim to Defendants' illegal "time shaving" policy. On or around August 11, 2021, Plaintiff's co-worker, Elijah Hardwell, had filed an action against Defendant Arts in Common LLC, in the Supreme Court of the State of New York, County of New York, styled as *Elijah Hardwell v. Arts in Common LLC* (Index No. 654911/2021) (the "NYLL State Court Action").  The basis of NYLL State Court Action was Defendants' same illegal "time shaving" policy of automatically deducting meal breaks from employees' schedules, regardless of whether some or all of the time was used for a meal break.

55.    In addition, Defendants also required Plaintiff to attend mandatory training shifts, for which she was not compensated.

56.    Plaintiff was ostensibly employed as a tipped worker. However, she was required to spend a considerable part of her workday performing non-tipped duties, including but not limited to folding napkins, setting up place settings for tables, setting up condiments (including salt, pepper, ketchup, mayonnaise, A-1 sauce, tabasco, blue cheese, and ranch) changing linens for the tables, and setting up and lighting candles, (collectively, the "non-tipped duties").

57.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff's actual duties in payroll records by designating her as a tipped worker and instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff at the minimum wage rate and enabled them to pay Plaintiff at or below the tip-credit rate.

58.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because these Plaintiff's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y.C.R.R. §146

59.    In addition, Defendants maintained a policy and practice of unlawfully

appropriating Plaintiff's and other tipped employees' tips and made unlawful deductions from Plaintiff's and other tipped employees' wages.

60.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

61.     At all relevant times herein, Defendants required Plaintiff, and all similarly situated individuals, to distribute their tips. Such tips were required to be distributed to bartenders, bussers, and runners working at Defendants' restaurants.

62.     Plaintiff, and all similarly situated individuals, were required to give 50% of their tips to bartenders, bussers, and runners working at Defendants' restaurants.

63.     The employer-mandated tip sharing scheme imposed on Plaintiff and other waitresses is not customary.

64.     The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

65.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

66.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

67.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

68. Defendants employed and accounted for Plaintiff as a tipped worker in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

69. Regardless, at all times, Defendants paid Plaintiff and all other tipped employees at a rate that was lower than the required tip-credit rate.

70. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

71. Plaintiff was never notified by Defendants that her tips would be included as an offset for wages.

72. At no time did Defendants inform Plaintiff that they had reduced her hourly wage by a tip allowance.

73. Plaintiff was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

74. Instead, from approximately June 1, 2021 through and including July 24, 2021, Defendants issued Plaintiff pay stubs, which stated a false amount of hours and a false amount earned per week.

75. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

76. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

77. Defendants did not give any notice to Plaintiff, in English, of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

78. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-

half times her hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiff brings the First, Second and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers, bussers, runners, bartenders, barbacks and delivery persons) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

80.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay them at the legally required minimum wages for all hours worked, and by automatically deducting meal breaks from employees' schedules, regardless of whether some or all of the time was used for a meal break. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

81.     The First, Second and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

82.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

83.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

85.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

86.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

87.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL § 650 *et seq*.

89.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

90.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as

13

reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

91.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

92.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

93.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

94.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

95.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

96.     With each payment of wages, Defendants failed to provide Plaintiff with a

statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

97.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

98.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

99.     NYLL § 193(1) prohibits employers from making any unlawful deductions from the wages of an employee.

100.    As described above, on repeated occasions Defendants deducted wages from Plaintiff's wages without her consent.

101.    Plaintiff is entitled to all money unlawfully deducted from her wages throughout her employment.

102.    As a result of Defendants' violation of NYLL § 193(1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.      authorizing Plaintiff at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages;

b.  certification of this case as a collective action pursuant to the FLSA;

c.  issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Collective Plaintiffs;

d.  declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.  declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.  declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.  declaring that Defendants are in breach of contract under New York State law

h.  awarding Plaintiff unpaid minimum wages;

i.  awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j.  awarding unpaid wages under the NYLL and the New York State contract law;

k.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l.  awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.  awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

n.  Such other relief as this Court deems just and proper.

Dated: New York, New York
   August 18, 2021     Respectfully submitted,

             By: /s/ Joshua Levin-Epstein
                Joshua Levin-Epstein
                Jason Mizrahi
                Levin-Epstein & Associates, P.C.
                60 East 42nd Street, Suite 4700
                New York, New York 10165
                Tel: (212) 792-0046
                Email: Joshua@levinepstein.com
                *Attorneys for the Plaintiff and proposed FLSA*
                *Collection Action Plaintiffs*