UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIA THOMAS, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,

                    Plaintiff,

-v-

ARTS IN COMMON LLC and RAFAEL BACCUS,

                    Defendants.

CIVIL ACTION NO.: 21 Civ. 6948 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 36), and have now submitted a joint letter in support of settlement (ECF No. 38 (the "Joint Letter")) and Settlement Agreement (ECF No. 38-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The parties have agreed to settle this matter for a total sum of $12,000 (the "Settlement Amount"). (ECF Nos. 38 at 3; 38-1 at 2 ¶ 2.a). In the Joint Letter, Plaintiff's counsel states that "Plaintiff will receive payments totaling $7,045.15." (ECF No. 38 at 3). Plaintiff's counsel also states that his costs total $1,432.80, which he deducted "from the Settlement Amount, and divided the difference by three, with one-third for legal fees and two thirds to Plaintiff[,]" pursuant to the Retainer Agreement in which Plaintiff agreed to pay a one-third contingency fee. (Id. at 6; ECF No. 38-2 at 3). The Settlement Agreement, however, provides for payments to Plaintiff of $1,280.00 and $5,287.20, which together total $6,567.20, $477.95 less than the amount in the Joint Letter. (ECF No. 38-1 at 3 ¶¶ 2.a.i, 2.a.ii). In addition, the Settlement Agreement provides for payment of $5,432.80 to Plaintiff's counsel for his fees and costs, which

appears to represent an award of attorneys' fees of $4,000, or one-third of the Settlement Amount <u>before</u> deducting costs, contrary to Plaintiff's counsel's statement in the Joint Letter. (<u>Compare</u> ECF No. 38-1 at 3 ¶ 2.a.iii <u>with</u> ECF No. 38 at 6).  In addition, an award of attorneys' fees of $4,000 would exceed the one-third contingency fee Plaintiff agreed to pay in the Retainer Agreement.  ($12,000 - $1,432.80 = $10,567.20, and ($4,000 / $10,567.20) * 100 = 37.9%).  <u>Cf.</u> <u>Martinez v. Gulluoglu LLC</u>, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action.") (collecting cases).  By the Court's calculation, after deducting costs from the Settlement Amount, Plaintiff should receive a total of $7,045.15 (as per the Joint Letter),[1] and Plaintiff's counsel would receive $4,954.85, consisting of $3,522.05 in attorneys' fees (which is 33% of the Settlement Amount after costs are deducted) and $1,432.80 in costs.

Accordingly, the parties' request for approval of the Settlement Agreement is DENIED WITHOUT PREJUDICE to renewal.  The parties are instructed to remedy the defects in the Settlement Agreement noted in this Order and submit a revised Settlement Agreement for approval by **May 20, 2022**.

Dated:    New York, New York           SO ORDERED.
          May 2, 2022

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

---

[1] The Court has no objection to the parties' division of the payment to Plaintiff into two payments, one reported on an IRS Form W-2 issued to Plaintiff, and one from which no taxes and withholdings would be deducted and for which she would receive an IRS Form 1099.  (<u>See</u> ECF No. 38-1 at 3 ¶¶ 2.a.i, 2.a.ii).