UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIA THOMAS, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,

                      Plaintiff,

  -v-

ARTS IN COMMON LLC and RAFAEL BACCUS,

                      Defendants.

CIVIL ACTION NO.: 21 Civ. 6948 (SLC)

**SETTLEMENT APPROVAL**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 36). On March 7, 2022, the parties submitted a joint letter in support of settlement (ECF Nos. 38) and proposed Settlement Agreement (ECF No. 38-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

On May 2, 2022, having identified defects in the parties' settlement agreement, the Court denied the parties' request without prejudice to renewal, and directed the parties to submit a revised settlement agreement for approval. (ECF No. 40 (the "Defects Order")). On May 13, 2022, the parties filed a revised Settlement Agreement. (ECF No. 41-1 (the "Revised Settlement Agreement")). The Revised Settlement Agreement corrects the errors, which appear to have been inadvertent, identified in the Defects Order, namely, that the total amount of the settlement, $12,000, shall be paid in one lump sum payment, allocated as follows: (1) $7,045.15 to Plaintiff; and (2) $4,954.85 to Plaintiff's counsel, consisting of $3,522.05 in legal fees and

$1,432.80 costs.  (ECF Nos. 41 at 1; 41-1 at 3).  After deducting $1,432.05 from the settlement amount of $12,000, the balance of $10,567.20 has been appropriately allocated two-thirds to Plaintiff, and one-third in legal fees to her counsel. See Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action.") (collecting cases).  (See ECF No. 38-2 at 3 (providing for one-third contingency fee for Plaintiff's counsel)).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the joint letter in support of settlement, accompanying exhibits, and the Revised Settlement Agreement, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the Revised Settlement Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Revised Settlement Agreement.  The Court will retain jurisdiction to enforce the Revised Settlement Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to mark ECF No. 41 as "granted," and close this case.

Dated: New York, New York
May 16, 2022

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**